## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRACY MARROW,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:19-cv-1690** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **SUPERINTENDENT** | : | |
| **LAWLER,** *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM

This matter is before the Court pursuant to the motion to dismiss (Doc. No. 45) filed by Defendant Kimberly A. Barkley ("Barkley"). *Pro se* Plaintiff Tracy Marrow, who is currently incarcerated at the State Correctional Institution in Frackville, Pennsylvania ("SCI Frackville"), has filed neither a brief in opposition nor a motion seeking an extension of time to do so. The motion to dismiss is, therefore, ripe for disposition. For the following reasons, the Court will grant in part and deny in part the motion to dismiss.

## I.     BACKGROUND

Plaintiff initiated the above-captioned action on October 1, 2019 by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants and Defendant Kimberly A. Barkley ("Barkley").[1]  (Doc. No. 1.)  The Court granted Plaintiff leave to file an

---

[1] The summons issued to Defendant Barkley was returned to the Court on July 9, 2020.  (Doc. No. 41.)  Defendant Barkley was served on July 8, 2020; therefore, her response to Plaintiff's amended complaint is due on or before July 29, 2020.

amended complaint (Doc. No. 21) on January 8, 2020 (Doc. No. 20).  Plaintiff is currently incarcerated under Department of Corrections ("DOC") number MV-5624. (Doc. No. 21 at 2.)  He was previously incarcerated under DOC numbers BG-4076 and DA-5439.  (*Id.* at 4.)  In his amended complaint, Plaintiff alleges that Defendants McKinney and Granlund miscalculated his one sentence by changing a four (4)-year sentence of suspended probation to be a sentence of one (1) to four (4) years of incarceration.   (*Id.* at 1.)   Plaintiff maintains that the Pennsylvania Board of Probation and Parole ("PBPP") has illegally extended his maximum sentence date under BG-4076 by seventeen (17) years.  (*Id.*)  Plaintiff asked Defendant Wolfe about this issue, and she responded that "it was due to new convictions."  (*Id.* at 2.) Plaintiff alleges that the maximum time he could have received due to new convictions under BG-4076 was five (5), not seventeen (17), years.  (*Id.*)  Plaintiff also faults Defendant Wolfe for not providing him with sentencing status sheets from 1990 through 1998.  (*Id.*)  He submitted a grievance asking for administrative review, and his grievance was denied.  (*Id.*)  Plaintiff appealed the matter to Defendant Brittain, and she denied the appeal.  (*Id.*)  Plaintiff also wrote to the PBPP and alleges that Defendant Barkley never responded to his letter.  (*Id.*)

Plaintiff suggests that previously, he was twice released while serving "hit time" while asserting "res judicata and fraud claims."  (*Id.* at 4.)  He maintains that

Defendants "were made aware of the miscalculation" and "never even attempted to rectify the issue." (*Id.* at 6.)  At some point, Plaintiff was extradited to New Jersey to serve a sentence there.   (*Id.*)   He alleges that when he was returned to Pennsylvania, he was forced to serve an eighteen (18)-month parole violation sentence for a second time. (*Id.*)  He maintains further that while in New Jersey, his sentence under BG-076 was "at a standstill for 22 months, when his time should have continued to run via parole." (*Id.*)  Plaintiff also alleges that Defendants do not have a valid sentencing order for the one (1) to four (4) year sentence mentioned above and, therefore, have no authority to hold him for that sentence.  (*Id.* at 8-9.) He asserts that the "illegal 17 [years]" he has served under BG-4076 should be credited to his sentence under MV-5624.  (*Id.* at 2.)

Based on the foregoing, Plaintiff alleges that Defendants have committed deliberate indifference in violation of his Eighth Amendment rights.  (*Id.* at 2-3, 7.) He also asserts state law tort claims of fraud, negligence, false imprisonment, and intentional infliction of emotional distress.  (*Id.* at 2-4.)  As relief, Plaintiff seeks an administrative review, copies of his sentencing status sheets, a recalculation of his sentence, and damages.  (*Id.* at 3.)  On June 22, 2020, Defendants Granlund, UM Granlund, Lawlor, Marhelko, McKinney, Brittain, and Wolfe filed a motion to dismiss (Doc. No. 39) Plaintiff's amended complaint.  In a Memorandum and Order

3

dated July 23, 2020, the Court granted in part and denied in part their motion to dismiss. (Doc. Nos. 42, 43.) Specifically, the Court granted the motion with respect to Plaintiff's state law tort claims, denied it with respect to Plaintiff's Eighth Amendment claim, and directed those Defendants to file an answer within fourteen (14) days. (Doc. No. 43.) Defendants, including Defendant Barkley, filed an answer on August 5, 2020. (Doc. No. 49.)

## II.     STANDARD OF REVIEW

### A.     Motion to Dismiss, Federal Rule of Civil Procedure 12(b)(6)

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under *Twombly* and *Iqbal*, pleading requirements have shifted to a "more heightened form of pleading." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. *Id.* The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court

instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).   A court may also consider "any 'matters

incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)); *see also Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (noting that when considering a motion to dismiss, courts may consider "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading").

In the context of *pro se* prisoner litigation specifically, the court must be mindful that a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## B.   Civil Rights Statute, 42 U.S.C. § 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

6

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.*  "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)).  To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Moreover, for a § 1983 claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that the plaintiff claims violated his rights.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Solan v. Ranck*, 326 F. App'x 97, 100 (3d Cir. 2009). Therefore, supervisors cannot be liable under § 1983 on the traditional standard of *respondeat superior*.  *See Santiago*, 629 F.3d at 128.  Instead, there are two

7

theories of supervisory liability that are applicable to § 1983 claims: (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).

## III.   DISCUSSION

In support of her motion to dismiss, Defendant Barkley argues that: (1) she should be dismissed because Plaintiff has not alleged sufficient personal involvement; (2) Plaintiff's claims against her in her official capacity should be dismissed because she is protected by Eleventh Amendment immunity; and (3) Plaintiff's state law claims should be dismissed on the basis of sovereign immunity. (Doc. No. 45 at 2.)   The Court considers Defendant Barkley's arguments below.

### A.   Eighth Amendment Claim

Plaintiff maintains that Defendants demonstrated deliberate indifference, in violation of the Eighth Amendment, by allegedly miscalculating or failing to correct an alleged miscalculation of his sentence, resulting in him allegedly serving time

8

beyond his sentence's termination.   The Third Circuit has indicated that "[s]ubjecting a prisoner to detention beyond the termination of his sentence has been held to violate the [E]ighth [A]mendment's proscription against cruel and unusual punishment." *Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir. 1993).   To maintain a claim that an official's improper sentence calculation violated the Eighth Amendment, a plaintiff must allege that: (1) the official "had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted"; (2) the official "either failed to act or took only ineffectual action under circumstances indicating that his or her response to the problem was a product of deliberate indifference"; and (3) a causal connection existed "between the official's response to the problem and the infliction of the unjustified detention." *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989).

The Court's liberal construction of Plaintiff's amended complaint leads the Court to conclude that Plaintiff has stated a plausible Eighth Amendment claim against Defendant Barkley at this time. *See Estelle*, 429 U.S. at 106.  In his amended complaint, Plaintiff alleges that he wrote to the PBPP and that Defendant Barkley never responded to his letter.  (Doc. No. 21 at 2.)  He maintains further that all Defendants were aware of the alleged miscalculation and took no action to rectify it. (*Id.* at 6-8.)  Given the Court's liberal construction of Plaintiff's amended complaint,

the Court concludes that Plaintiff has sufficiently stated a claim that Defendant Barkley was on notice of the alleged miscalculation and took no notice to correct it. *See Sample*, 885 F.2d at 1110.   Accordingly, the Court will deny Defendant Barkley's motion to dismiss with respect to Plaintiff's Eighth Amendment claim.

### B.    Official Capacity Claims

Defendant Barkley next argues that Plaintiff's damages claims against her in her official capacity are barred by the Eleventh Amendment.  (Doc. No. 46 at 5.) The Court agrees.  "A state official sued in his or her official capacity is not a 'person' for purposes of § 1983 when a plaintiff seeks monetary damages, as the Supreme Court has not construed § 1983 as an abrogation of the states' Eleventh Amendment immunity." *Salter v. Wetzel*, No. 3:19-cv-1691, 2020 WL 3579554, at *6 (M.D. Pa. June 30, 2020) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63-71 (1989)).  This immunity, however, "is not shared by state officers to the extent that the suit seeks prospective injunctive or declaratory relief or seeks damages from the officers in their individual capacities."  *Id.* (citations omitted).  The Court, therefore, will grant Defendant Barkley's motion to dismiss with respect to Plaintiff's damages claims against her in her official capacity.

### C.  State Law Claims

As noted *supra*, Plaintiff asserts state law tort claims of fraud, negligence, false imprisonment, and intentional infliction of emotional distress against Defendant Barkley.  (Doc. No. 21 at 2-4.)   Under Pennsylvania's sovereign immunity statute, "the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." *See* 1 Pa. Cons. Stat. Ann. § 2310.  Pursuant to Section 8522(b) of Title 42, the following nine exceptions to sovereign immunity are recognized: (1) operation of any motor vehicle in the possession or control of a Commonwealth party; (2) acts of health care employees of Commonwealth agency medical facilities or institutions; (3) care, custody, or control of personal property in the possession or control of Commonwealth parties; (4) dangerous conditions posed by Commonwealth agency real estate and sidewalks; (5) dangerous conditions of highways under the jurisdiction of Commonwealth agency that are created by potholes or sinkholes or other similar conditions created by natural elements; (6) care, custody, or control of animals in the possession or control of a Commonwealth party; (7) sale of liquor at Pennsylvania liquor stores; (8) acts of a member of the Pennsylvania military forces; and (9) administration, manufacture and use of a

toxoid or vaccine.  *See* 42 Pa. Cons. Stat. Ann. § 8522(b).  In the instant case, Plaintiff's claims do not fall within any of these nine (9) exceptions.

Moreover, sovereign immunity applies even to intentional torts committed by Commonwealth defendants acting in their individual capacities.  *See Story v. Mechling*, 412 F. Supp. 2d 509, 518 (W.D. Pa. 2006), *aff'd*, 214 F. App'x 161 (3d Cir. 2007).  Sovereign immunity "applies to Commonwealth employees in both their official and individual capacities, so long as the employees are 'acting within the scope of their duties.'"  *See Larsen v. State Emps' Ret. Sys.*, 553 F. Supp. 2d 403, 420 (M.D. Pa. 2008).  In the instant case, Plaintiff's amended complaint alleges that Defendant Barkley was acting within the scope of her employment.  Accordingly, because she is entitled to sovereign immunity, the Court will grant Defendant Barkley's motion to dismiss with respect to Plaintiff's state law tort claims.

## D.    Leave to Amend

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).  The Court may

deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002). In the instant case, the Court concludes that it would be futile to permit Plaintiff to file an amended complaint with respect to his damages claims against Defendant Barkley in her official capacity and his state law tort claims because, as discussed *supra*, such claims are barred by Eleventh Amendment and sovereign immunity, respectively. Accordingly, this matter will proceed on Plaintiff's Eighth Amendment claim against all Defendants in their individual capacities, as well as their official capacities to the extent Plaintiff seeks prospective injunctive and declaratory relief.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Barkley's motion to dismiss (Doc. No. 45) will be granted in part and denied in part. The motion will be granted with respect to Plaintiff's damages claims against Defendant Barkley in her official capacity and his state law tort claims. The motion will be denied with respect to

Plaintiff's Eighth Amendment claim against Defendant Barkley in her individual capacity, as well as her official capacity to the extent Plaintiff seeks prospective injunctive and declaratory relief.  An appropriate Order follows.


s/ Sylvia H. Rambo
United States District Judge

Date: August 20, 2020

14